Mr. Chief Justice Shaeeey
delivered the opinion of the court.
This was an action on a promissory note, made payable to the Planters Bank, though given to the administrators of Howell W. Runnels. The defence set up was, that the note was given for land sold under an order of court by Runnels’s administrators, to which the purchaser acquired no title, because the requisite citation and notices were not given before the order of sale was made.
The statute provides, that if the personal estate of a decedent be insufficient to pay his debts, the probate court may order the land to be sold, the administrator petitioning for that purpose; and on such petition being presented, the court shall order a citation to issue to all persons interested in the land, to appear *454 before the court at a certain time, not less than forty days thereafter, to show cause, if any they can, why the land should not be sold ; which citation is directed to be set up in three of the most public places in the county where the land lies, and to be also published for the same time (thirty days) in one of the public newspapers of the state.
By the repeated decisions of this court, a literal compliance with this statute is necessary in order to enable the court to render a valid judgment for the sale of the land; and if the statute has not been strictly complied with, the order of sale and the sale are void, and the purchaser acquires no title. Not only must the statute be strictly followed, but the records of the probate court must show affirmatively that everything has been done which the statute requires should be done preceding the order of sale. As it is a special jurisdiction acquired over the thing and the persons interested by constructive notice only, the records must show affirmatively that the court had jurisdiction. Campbell v. Brown et al. 6 How. 230; Puckett v. Mc Donald, Ib. 269; Gwin v. McCarroll, 1 S. & M. 351; Smith v. Denson, 2 S. & M. 326.
The reason for this strictness in the law is plain enough. No one can be deprived of his property but by judgment of law, and no court can render such judgment without giving the party an opportunity to be heard. He must be notified by process. The citation is the process, and the publication of it in a newspaper and the posting of it up at three public places, constitute the service, and as it is but constructive service, it is incomplete unless both acts have been performed; otherwise the court has not jurisdiction.
On examination of the record of the probate court, it appears that there were two applications to sell, one made at October term, 1836, and the other at October term, 1838, and the court made orders accordingly that citations should issue. At December term, 1836, an order of sale was made, under which this land was probably sold. In' that order it is recited, that “it appearing to the satisfaction of the court that publication has been made in pursuance of an order made at the October term *455 last of this court, citing all persons interested in the lands, tenements, &c. of H. W. Runnels, deceased, to appear at December term, 1836, &c. &c.; and no one now appearing, it is ordered, &c.” This, it is insisted, was sufficient evidence that the law had been complied with. Assuming that this was evidence that publication had been made, still it was not evidence that citation had been posted up at three public places, for by publication we must understand that the citation had been published in a newspaper.
And it is also said, that this note was given for Seminary land, which Runnels had purchased of the state, to which he could get no title until all the purchase-money was paid, part of which remained due, and that this note was made payable in bank with a view to the liquidation of that debt, and the ex-tinguishment of the state’s lien, of all which the defendants had notice. This objection would be entitled to great weight if the contract had been made between private individuals,. because by it the purchaser would have acquired all the title the vendor had; but in this instance, the administrators have parted with no interest; whatever interest the estate of Runnels had, it still holds. The sale was utterly void, and the administrators are suing to recover the purchase-money for a thing which they have not parted, with. The instructions given by the court were therefore correct.
The judgment must be affirmed.